## Commonwealth v. Markle

608

*W. S. Sharpless*, district attorney, for Commonwealth.

*John E. Cotsack*, for defendant.

*J. Atlee Cryder*, for justice of the peace.

KREISHER, P. J., February 20, 1950.—On October 27, 1949, a private of the Pennsylvania State police appeared before Paul M. Cain, justice of the peace in and for South Center Township, this county, and lodged an information charging defendant with a violation of the Motor Vehicle Code, on the same date, in that she did operate her motor vehicle at a speed of 70 miles per hour on the new State Highway Route No. 11, in the township, and that she was timed for a distance of approximately one mile at said speed.

Complainant requested that a warrant issue and defendant be arrested and held to answer the charge of speeding. On October 28th the justice of the peace, by registered mail, notified defendant of the filing of the information together with a copy thereof, and directed that she appear within 10 days, in accordance with the procedure provided in The Vehicle Code. On November 4th an attorney representing defendant requested and arranged with the justice of the peace to hold a hearing on November 8th at 3 p.m., and on November 8, 1949, defendant and her attorney appeared in the office of the justice of the peace, at which time a hearing was entered into by the justice, the complainant was sworn and testified as to the alleged violation and his testimony was corroborated by another member of the Pennsylvania State police. Defendant was sworn and testified, and she denied driving at the rate

of 70 miles an hour, but stated that she did not know how fast she was driving. After hearing held the justice of the peace adjudged defendant guilty, and sentenced defendant to pay the cost of the proceedings in the amount of $3.50 and a fine of $10. Defendant thereupon delivered to the justice of the peace her check in the amount of $13.50. Immediately after the hearing counsel for defendant requested a transcript of the proceedings and volunteered his services to write up the same, and to this end he seated himself at the typewriting machine of the justice of the peace and prepared a transcript of the proceedings, which the justice of the peace signed and certified to as being a true copy from his docket, when, in fact, no entries at that time had been made in the docket of the justice of the peace.

On November 15, 1949, counsel for defendant caused a writ of certiorari to be issued to the justice of the peace, filed a recognizance in double the amount of the fine and costs, and had the court make an order directing that the certiorari, upon the filing of said bond, operate as a supersedeas. On the same date counsel for defendant filed 10 exceptions to the transcript of the justice of the peace as delivered to him on the date of hearing, and on November 16th, counsel for defendant filed an additional exception to the transcript. On November 18, 1949, the justice of the peace made return to the court of a complete transcript of his automobile docket in the case.

On January 4, 1950, J. Atlee Cryder, attorney for the justice of the peace, presented to the court a petition for a rule on defendant to show cause why the writ of certiorari should not be quashed, and all proceedings thereunder set aside. On January 23, 1950, the attorney for the justice of the peace presented a petition to the court asking leave to discontinue and withdraw the petition for said rule to show cause. The

court granted the prayer of the petition and discontinued the same. Thereafter, on January 30, 1950, the District Attorney of Columbia County presented a petition to the court requesting that a rule be granted upon defendant to show cause why the writ of certiorari should not be quashed and the proceedings thereunder set aside. The petition sets forth 14 reasons for quashing the writ of certiorari. The court issued a rule and made the same returnable to February 14th at 10 o'clock a.m. Counsel for defendant did not file an answer to the petition or rule, and has informed the court by letter that he does not propose to do so.

Without considering the petition of the district attorney requesting that the certiorari be quashed, we will consider the certiorari and exceptions as filed by defendant, even though we believe that the court would be justified in making the rule as granted on the petition of the district attorney absolute and quashing the certiorari.

It is a fundamental rule of law that in order to dismiss a proceeding on certiorari some irregularity or error must appear on the face of the record. The court may not enter into or pass upon the merits of the case. In considering the record brought up by certiorari the rules applicable to civil suits apply, and every presumption is made in favor of the regularity of the proceedings.

Counsel for defendant appeared before the court and orally argued his contention on the certiorari, and has filed with the court a brief.

The sole question, as we view this case, is whether or not the transcript of the proceedings as furnished to defendant by the justice of the peace on the date of hearing is controlling, or whether the transcript as filed by the justice of the peace with the court in obedience to the writ of certiorari is controlling. From an

examination of the transcript of the justice of the peace returned to the court on November 11th, we find no defects whatsoever appearing on the face of the record. It is in proper form, legal and valid, and would not give the court any justification for dismissal of the case. However, in a copy of the transcript as prepared by the attorney for defendant and certified to by the justice of the peace on the date of hearing, which counsel for defendant has attached to his brief, we do find errors and irregularities appearing thereon of sufficient importance as to justify the court in dismissing the case.

Counsel for defendant relies upon the transcript furnished him on the date of hearing, and argues that the justice of the peace is bound thereby, because under the law, defendant is entitled to a transcript of the proceedings, and the justice of the peace cannot thereafter file a different transcript with the court on certiorari. This question has been decided in the case of Commonwealth v. Michael Schall, Jr., et al., 5 York 187, wherein it was held that the justice of the peace is not bound by the transcript furnished defendant immediately after hearing, but that on certiorari the justice of the peace in preparing a transcript for the court may send up every part of his proceedings, setting forth all relevant acts, and that it is his duty to make a full return of all the proceedings had by and before him and certify the same to the court with the complaint on certiorari. The court points out that if the subsequent transcript and return as sent up by the justice of the peace is not true in point of fact, then defendant has a remedy against the justice of the peace, and if the judgment of the justice of the peace was not justified by the evidence, that then defendant should have taken an appeal so that the merits of the case could have been inquired into by the court.

The Vehicle Code of May 1, 1929, P. L. 905, provides two different procedures for the bringing of a summary conviction under The Vehicle Code before the court. The one procedure is by appeal after hearing held, and the other is that they may waive summary hearing and give bond for appearance at the court of quarter sessions. Neither of these proceedings were used in this case, but the matter was brought before the court on certiorari, and in such case, if the record shows that the justice of the peace had jurisdiction and that the proceedings were regular, the merits of the case will not be examined into, and the court will not reverse in absence of error and irregularity.

Since we conclude that the Commonwealth is not bound by the transcript of the record prepared by the counsel for defendant, and since we find that the transcript of the justice of the peace as sent up to the court is regular, we are compelled to sustain the conviction, and to this end will make the following

## Order

And now, to wit, February 20, 1950, the proceedings before and the judgment of the justice of the peace are sustained.